Aimee Creed
d'ARCAMBAL LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | Civil Action No. |
| Plaintiff, | COMPLAINT IN INTERPLEADER |
| V. | |
| SHARON BAKER, JOSEPH D. TOLAND, III, KATHRYN TOLAND | |
| Defendants. | |

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, for its Interpleader Complaint, alleges as follows:

**PARTIES**

1.      Interpleader plaintiff MetLife is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York.  MetLife is duly licensed to do business in the State of New Jersey.

2.      Upon information and belief, Joseph D. Toland, Jr. (the "Insured") was a resident of Cape May County, NJ prior to his death.

3.      Upon information and belief, Sharon Baker ("Baker") resides at 219 West Pine Avenue, Wildwood, NJ  08260.

4.      Upon information and belief, Joseph D. Toland III ("Joseph Toland"), the son of the Insured, resides at 200 Tampa Avenue, Villas, New Jersey 08251.

5.      Upon information and belief, Kathryn A. Toland ("Kathryn Toland"), the daughter of the Insured, resides at 4 Underhill Road, Apartment D, Middletown, NY  10940.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1335, in that the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00.  There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, *386 U.S. 523 (1967)*.

## CAUSE OF ACTION IN INTERPLEADER

7.      On October 1, 1990, MetLife issued an individual life insurance policy on the life of the Insured under Policy Number 901 062 028 A (the "Policy") in the face amount of $20,000.00.

8.      In his application for life insurance, the Insured designated his son, Joseph Toland, and daughter, Kathryn Toland, as the primary beneficiaries of the Policy.

9.      On May 5, 2009, the Insured met with a MetLife representative to, among other things, change the beneficiary designation on the Policy naming Baker as the primary beneficiary, and Tracy Luker and Casey Kline as contingent beneficiaries.  A true and correct copy of the Change of Beneficiary form is annexed hereto as **Exhibit  A.**

10.      The Insured died on or about May 6, 2009.  A true and correct copy of the Death Certificate is attached hereto as **Exhibit B**.

11.      As a result of the death of the Insured, a death benefit of $18,144.92 became due and payable to a beneficiary or beneficiaries (the "Death Benefit"), and liability is conceded to that effect.

12.     On or about May 19, 2009, Baker made a claim for the Death Benefit.  A true and correct copy of the Individual Life Death Claim Form is attached hereto as **Exhibit C**.

13.     By letter dated May 19, 2009, Joseph Toland advised MetLife that he was contesting payment of the Death Benefit to Baker.  In support of his position, Joseph Toland provided MetLife with a suicide note purportedly written by the Insured on the day before his death.  A true and correct copy of the May 19, 2009 letter is attached hereto as **Exhibit D**.  Subsequently, Joseph Toland forwarded medical records to MetLife indicating that the Insured had been hospitalized on April 30, 2009 with complaints of a rapid heartbeat and dizziness.

14.     Upon information and belief, on October 29, 2009, Baker offered to settle any issue relating to the payment of the Death Benefit by agreeing that James Toland would receive $5,000 of the Death Benefit.  By letter dated October 31, 2009, James Toland forwarded to Baker five counteroffers for different settlement dollar amounts, some of which included Kathryn Toland.  A true and correct copy of the October 29, 2009 letter with the attached counteroffers is attached hereto as **Exhibit E**.

15.     Counsel for MetLife has been advised by Baker that she is not entering into a settlement agreement with James Toland or Kathryn Toland.

16.     There have not been any other claims for the Death Benefit.  Under the circumstances, MetLife cannot determine factually or legally who is entitled to the Death Benefit.  By reason of the actual or potential claims of the interpleading defendants, MetLife is or may be exposed to multiple liability.

17.     MetLife is ready, willing and able to pay the Death Benefit, plus claim interest, if any, payable in accordance with the terms of the Policies to whomever this Court shall designate.

18.     As a mere stakeholder, MetLife has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

19.     MetLife accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

20.     MetLife has not brought this Complaint in Interpleader at the request of any of the Defendants.   There is no fraud or collusion between MetLife and any of the Defendants. MetLife brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, MetLife prays that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit;

(c)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d)     permitting MetLife to deposit the Death Benefit, plus claim interest, if any, into the Court or as this Court otherwise directs;

(e)     discharging MetLife from any and all further liability to Defendants relating in any way to the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f)     awarding MetLife its attorneys' fees and costs in their entirety; and

(g)     awarding MetLife any other and further relief that this Court deems just and proper.

4

Dated: June 29, 2010                    **d'ARCAMBAL LEVINE & OUSLEY, LLP**

Attorneys for Metropolitan Life Insurance
Company


By:   s/Aimee Creed
        Aimee Creed